COOLEY GODWARD KRONISH LLP
MICHAEL G. RHODES (116127)
(rhodesmg@cooley.com)
MATTHEW D. BROWN (196972)
(brownmd@cooley.com)
BENJAMIN H. KLEINE (257225)
(bkleine@cooley.com)
101 California Street
5th Floor
San Francisco, CA  94111-5800
Telephone:   (415) 693-2000
Facsimile:    (415) 693-2222

COOLEY GODWARD KRONISH LLP
SARAH R. BOOT (253658)
(sboot@cooley.com)
4401 Eastgate Mall
San Diego, CA 92121-1909
Telephone:   (858) 550-6000
Facsimile:    (858) 550-6420

Attorneys for Defendant
YELP! INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| CATS AND DOGS ANIMAL HOSPITAL, INC. et al., on behalf of itself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>YELP! INC.,<br><br>Defendant. | Case No.  CV 10-01340 VBF(SSx)<br><br>**DEFENDANT YELP! INC.'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT**<br><br>Hearing Date: May 3, 2010<br>Hearing Time: 1:30 p.m.<br>Judge: Hon. Valerie Baker Fairbank |

# TABLE OF CONTENTS

PAGE

INTRODUCTION ........................................................................ 1

FACTS ...................................................................................... 2

ARGUMENT ............................................................................. 4

I.    LEGAL STANDARD ............................................................ 4

II.   PLAINTIFFS' CLAIMS FOR VIOLATION OF PENAL CODE
      SECTIONS 518, 519, AND 524 (COUNTS I AND II) SHOULD BE
      DISMISSED ..................................................................... 4

      A.    Penal Code Sections 518, 519, and 524 Do Not Provide a
            Private Right of Action ............................................... 4

      B.    Any Claim for "Civil Extortion" (or "Attempted Civil
            Extortion") is Likewise Barred by Decisional Law ........... 5

      C.    Even If a Claim for Civil Extortion Were Cognizable Under
            California Law, Plaintiffs Have Failed to State Such a Claim in
            Count I ..................................................................... 6

            1.    The Alleged Threats to Manipulate Reviews Do Not
                  Constitute the "Wrongful" Use of Fear Required for
                  Extortion .......................................................... 7

            2.    Yelp's Alleged Offers to Provide Benefits to Advertisers
                  Do Not Constitute Extortion .................................. 8

            3.    Sponsor Plaintiffs Have Failed to Adequately Plead that
                  Yelp's Actions "Coerced" Them to Purchase Yelp's
                  Advertising Services Through Force or Fear ............. 9

      D.    Even if a Claim for Attempted Civil Extortion Were Cognizable
            Under California Law, the Non-Sponsor Plaintiffs Have Failed
            to State Such a Claim in Count II .............................. 11

III.  PLAINTIFFS FAIL TO STATE A CLAIM FOR INTERFERENCE
      WITH PROSPECTIVE BUSINESS ADVANTAGE (COUNT III) ........... 11

      A.    Plaintiffs Do Not Plead Damages to Their Business Goodwill
            with the Requisite Particularity ................................ 12

      B.    Plaintiffs Have Failed as a Matter of Law to Establish that the
            Alleged Interference by Yelp Was Independently Wrongful ........... 13

IV.   THE NON-SPONSOR PLAINTIFFS DO NOT HAVE STANDING
      UNDER CALIFORNIA BUSINESS AND PROFESSIONS CODE
      § 17200 (COUNT IV) ...................................................... 14

      A.    Private Standing Under § 17200 Is Limited to Individuals
            Entitled to Restitution ............................................ 14

      B.    Harm to a Business's Goodwill or Market Share Does Not
            Confer § 17200 Standing ......................................... 16

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

i.

DEFENDANT YELP'S MEMORANDUM OF LAW
ISO MOTION TO DISMISS FIRST AMENDED
COMPLAINT - CASE NO. CV 10-01340 BF(SSx)

# TABLE OF CONTENTS
## (CONTINUED)

**PAGE**

C.    The Non-Sponsor Plaintiffs Cannot Sue for Non-Restitutionary Damages and Thus Do Not Have Standing Under § 17200 ............... 18

V.    PLAINTIFFS HAVE FAILED TO PLEAD WITH PARTICULARITY AS REQUIRED UNDER FEDERAL RULE OF CIVIL PROCEDURE 9(B) (ALL COUNTS) ................................................................... 19

A.    Rule 9(b) Requires that Allegations of Fraud and Misrepresentation Be Pleaded with Particularity ................................ 19

B.    Plaintiffs' Claims Are All Subject to the Rule 9(b) Standard ............ 20

C.    Plaintiffs Have Failed to Meet the Rule 9(b) Standard for Particularity ......................................................................... 22

CONCLUSION ...................................................................................... 24

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

ii.

**DEFENDANT YELP'S MEMORANDUM OF LAW
ISO MOTION TO DISMISS FIRST AMENDED
COMPLAINT - CASE NO. CV 10-01340 BF(SSx)**

# TABLE OF AUTHORITIES

PAGE

**CASES**

*Arista Records v. Sanchez,*
No. CV 05-07046 FMC, 2006 WL 5908359 (C.D. Cal. Mar. 1, 2006)...........5, 6

*Ashcroft v. Iqbal,*
129 S. Ct. 1937 (2009) ...................................................................................4

*Bell Atl. Corp. v. Twombly,*
550 U.S. 544 (2007) .......................................................................................4

*Brockington v. J.P. Morgan Chase Bank, N.A.,*
No. C-08-05795 RMW, 2009 WL 1916690 (N.D. Cal. July 1, 2009)...............16

*Buckland v. Threshold Enters., Ltd.,*
155 Cal. App. 4th 798 (2007)...........................................................................15

*Californians for Disability Rights v. Mervyn's, LLC,*
39 Cal. 4th 223 (2006)......................................................................................14

*Citizens of Humanity, LLC v. Costco Wholesale Corp.,*
171 Cal. App. 4th 1 (2009)..........................................................................15, 16

*Cortez v. Purolator Air Filtration Prods. Co.,*
23 Cal. 4th 163 (2000)......................................................................................15

*Daugherty v. Am. Honda Motor Co., Inc.,*
144 Cal. App. 4th 824 (2006)...........................................................................14

*Diodes, Inc. v. Franzen,*
260 Cal. App. 2d 244 (1968) ............................................................................12

*Fortaleza v. PNC Fin. Servs. Group, Inc.,*
642 F. Supp. 2d 1012 (N.D. Cal. 2009).............................................................20

*Fuhrman v. Cal. Satellite Sys., Inc.,*
179 Cal. App. 3d 408 (1986).....................................................................passim

*Germain v. J.C. Penney Co.,*
No. CV 09-2847 CAS 2009 WL 1971336 (C.D. Cal. July 6, 2009).................15

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

iii.

# TABLE OF AUTHORITIES
## (CONTINUED)

**PAGE**

*In re GlenFed, Inc. Sec. Litig.*,
   42 F.3d 1541 (9th Cir. 1994) ................................................................................ 19

*Hisamatsu v. Niroula*,
   No. C-07-04371-JSW, 2009 WL 4456392 (N.D. Cal. Oct. 22, 2009) ............. 5, 6

*In re Disbarment of Coffey*,
   123 Cal. 522 (1899) .............................................................................................. 6

*In re Silicon Graphics, Inc.*,
   970 F. Supp. 746 (N.D. Cal. 1997) ...................................................................... 19

*In re Wright*,
   65 Cal. 2d 650 (1967) ............................................................................................ 8

*Kearns v. Ford Motor Co.*,
   567 F.3d 1120 (9th Cir. 2009) ............................................................................. 19

*Korea Supply Co. v. Lockheed Martin Corp.*,
   29 Cal. 4th 1134 (2003) ................................................................... 15, 16, 17, 18

*Leeper v. Beltrami*,
   53 Cal. 2d 195 (1959) ...................................................................................... 6, 20

*Monex Deposit Co. v. Gilliam*,
   666 F. Supp. 2d 1135 (C.D. Cal. 2009) ............................................................. 5, 6

*Moore v. Kayport Package Exp., Inc.*,
   885 F.2d 531 (9th Cir. 1989) ............................................................................... 19

*Parks Sch. of Bus., Inc. v. Symington*,
   51 F.3d 1480 (9th Cir. 1995) ................................................................................. 4

*People v. Anderson*,
   75 Cal. App. 365 (1925) ........................................................................................ 8

*People v. Beggs*,
   178 Cal. 79 (1918) ............................................................................................... 10

*People v. Goodman*,
   159 Cal. App. 2d 54 (1958) ................................................................................... 9

Cooley Godward
Kronish LLP
Attorneys At Law
San Francisco

iv.

**Defendant Yelp's Memorandum of Law
ISO Motion to Dismiss first amended
complaint - Case No. CV 10-01340 BF(SSx)**

# TABLE OF AUTHORITIES
## (CONTINUED)

PAGE

*People v. Sales*,
116 Cal. App. 4th 741 (2004) ............................................................................... 11

*People v. Torres*,
33 Cal. App. 4th 37 (1995) ............................................................................... 6, 7

*Pom Wonderful LLC v. Welch Foods, Inc.*,
No. CV 09-567 AHM, 2009 WL 5184422 (C.D. Cal. Dec. 21 2009) ... 16, 17, 18

*Rothman v. Vedder Park Mgmt.*,
912 F.2d 315 (9th Cir. 1990) .................................................................................. 7

*Sheehan v. Atlanta Int'l Ins. Co.*,
812 F.2d 465 (9th Cir. 1987) ................................................................................ 10

*Sigmond v. Brown*,
645 F. Supp. 243 (C.D. Cal. 1986) ......................................................................... 8

*Silberg v. Anderson*,
50 Cal. 3d 205 (1990) ............................................................................... 5, 6, 20

*Sosa v. DIRECTV, Inc.*,
437 F.3d 923 (9th Cir. 2006) .................................................................................. 7

*In re Stac Elecs. Sec. Litig.*,
89 F.3d 1399 (9th Cir. 1996) ................................................................................. 4

*United States v. Sequel Contractor., Inc.*,
402 F. Supp. 2d 1142 (C.D. Cal. 2005) ............................................................... 16

*Vess v. Ciba-Geigy Corp. USA*,
317 F.3d 1097 (9th Cir. 2003) ............................................................... 19, 20, 21

*Walker v Geico Gen. Ins. Co.*,
558 F.3d 1025 (9th Cir. 2009) .............................................................................. 15

*Walker v. USAA Cas. Ins. Co.*,
474 F. Supp. 2d 1168 (E.D. Cal. 2007) ............................................................... 15

*Westways World Travel, Inc. v. AMR Corp.*,
265 Fed. Appx. 472 (9th Cir. 2008) ....................................................................... 7

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

v.

DEFENDANT YELP'S MEMORANDUM OF LAW
ISO MOTION TO DISMISS FIRST AMENDED
COMPLAINT - CASE NO. CV 10-01340 BF(SSx)

# TABLE OF AUTHORITIES
## (CONTINUED)

**PAGE**

*Wolk v. Green*,
  516 F. Supp. 2d 1121 (N.D. Cal. 2007)............................................................5, 6

*Woodham v. Allen,*
  130 Cal. 194 (1900) ...........................................................................................6

**STATUTES**

Cal. Code Civ. P. § 31 ...........................................................................................4

Cal. Penal Code § 518 ...............................................................................4, 5, 6, 7

Cal. Penal Code § 519 ......................................................................................4, 5

Cal. Penal Code § 520 ............................................................................................5

Cal. Penal Code § 523 ............................................................................................5

Cal. Penal Code § 524 ......................................................................................4, 5

California Business and Professions Code ("B&P") § 17200.........................passim

California Business and Professions Code ("B&P") § 17500................................ 17

California Civil Code § 3294....................................................................................5

**OTHER AUTHORITIES**

17 Am. Jur. 2d *Extortion* § 3 ............................................................................. 10

Federal Rule of Civil Procedure 9(b) ..............................................................passim

Federal Rule of Civil Procedure 12(b)(6)......................................... 1, 4, 23, 24

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

vi.

**DEFENDANT YELP'S MEMORANDUM OF LAW
ISO MOTION TO DISMISS FIRST AMENDED
COMPLAINT - CASE NO. CV 10-01340 BF(SSx)**

### INTRODUCTION

Yelp! Inc. ("Yelp") is the registered owner and provider of the popular website www.yelp.com (the "Yelp Website"), which allows consumers to find local businesses, read and write reviews about them, and rate them on a scale of one to five stars.  Plaintiffs' First Amended Complaint ("FAC") wrongly accuses Yelp of engaging in extortion, unfair business practices, and intentional interference with the businesses that are reviewed on the Yelp Website.  Plaintiffs make bald accusations that Yelp has engaged in fraud, misrepresentation, and purposeful manipulation of businesses' Yelp reviews and rankings—all in a purported attempt to coerce businesses into advertising on the Yelp Website.  Yelp disputes Plaintiffs' allegations in no uncertain terms and believes this lawsuit has no merit.  Despite the inflammatory nature of Plaintiffs' allegations, the FAC fails to state a claim as a matter of law and, under Federal Rule of Civil Procedure 12(b)(6), should be dismissed.

First, Plaintiffs improperly bring civil claims under the California Penal Code for extortion and attempted extortion.  But the Penal Code does not provide for a private right of action.  And even if a claim for "civil extortion" (or "attempted civil extortion") were cognizable, Plaintiffs have failed to state such a claim.

Second, Plaintiffs have failed to state a claim for intentional interference with prospective business advantage because Plaintiffs fail to allege their damage to business goodwill with particularity and Plaintiffs have not alleged any "independent wrongfulness" other than the interference itself.

Third, the Non-Sponsor Plaintiffs (those who did not purchase Yelp advertising) have no standing to bring claims under California Business and Professions Code ("B&P") § 17200 (the "UCL") since they did not suffer any "injury in fact" under California law.

Fourth, all of Plaintiffs' claims should be dismissed because they are grounded in allegations of fraud and misrepresentation, which are not pleaded with

Cooley Godward
Kronish LLP
Attorneys At Law
San Francisco

1.

DEFENDANT YELP'S MEMORANDUM OF LAW
ISO MOTION TO DISMISS FIRST AMENDED
COMPLAINT - CASE NO. CV 10-01340 BF(SSx)

sufficient particularity under Federal Rule of Civil Procedure 9(b).   When Plaintiffs' conclusory, unsupported, and insufficiently particularized allegations are stripped away, the FAC fails to state any claim against Yelp whatsoever.

## FACTS[1]

Yelp operates the Yelp Website, which allows consumers to find local businesses, read and write reviews about them, and rate them on a scale of one to five stars.  (FAC ¶¶ 13, 16-17, 29.)  The Yelp Website is organized as a directory or database of business listings, each of which includes basic information about the business, such as the address.   (FAC ¶ 17.)    Most listings also display users' reviews of the business and the business's average star ranking.  (*Id.*)  In order to review and rate a business on the Yelp Website, an Internet user must register as a Yelp user.  (FAC ¶ 18.)  But any Internet user can find and read reviews about businesses on the Yelp Website, even without signing up as a registered Yelp user. (*Id.*)

The Yelp Website has proved to be immensely popular with approximately 29 million users visiting the Yelp Website every month.  (FAC ¶ 38.)  By reading other people's reviews, consumers find that they are able to make more informed decisions about local businesses and services.  For example, users can read reviews of local doctors and dentists, shops and restaurants, plumbers and babysitters.

Because anyone can register with Yelp to write reviews of and rate businesses, Yelp has to take steps to guard against improper and disruptive reviews.  For example, business owners are known to write the occasional fake review to either burnish their own image or tarnish that of their competitors, and disgruntled former employees sometimes think to write negative reviews about their former employers.  This problem permeates most online review sites, artificially inflating

---

[1] For purposes of this motion to dismiss, Yelp recites certain factual allegations contained in the complaint.  Yelp makes no admissions as to any such allegations, nor does Yelp waive or forfeit any available arguments or defenses in this case.

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2.

DEFENDANT YELP'S MEMORANDUM OF LAW
ISO MOTION TO DISMISS FIRST AMENDED
COMPLAINT - CASE NO. CV 10-01340 BF(SSx)

or deflating a business's rating and misleading consumers. Yelp internally and informally refers to such reviews as "spam," in reference to the common term used to describe unwanted, "junk" online communications, especially email. Yelp has developed a highly sophisticated and confidential "Review Filter" algorithm that attempts to identify and suppress spam reviews. (*See* FAC ¶¶ 34-36.) The Review Filter runs on a nearly continual basis and, as circumstances change over time (*e.g.*, the Review Filter gleans new information about a particular review or reviewer), a review may be continually designated and undesignated as spam.

According to the FAC, Yelp makes money by, *inter alia*, selling ads to local businesses. The ads appear as "Sponsored Results" on the Yelp Website ("Targeted Advertising"). (FAC ¶ 39, 43.) The FAC also alleges that in addition to displaying advertisements on Yelp Website pages, advertisers ("Sponsors") also obtain several additional benefits, such as the ability to highlight a favorite review, which appears near the top of the business's listing as "One of the business' favorite reviews" (FAC ¶ 48(a)) and the ability to post photographs on the business's webpage (FAC ¶ 48(d)).

Plaintiffs allege that Yelp manipulates the reviews by deleting and adding reviews and by changing the order of appearance for reviews based on whether or not a business advertises with Yelp. (*See, e.g.*, FAC ¶¶ 53, 54, 99.) Plaintiffs allege, essentially, that Yelp does this in order to "extort" businesses into purchasing advertising—*i.e.*, into becoming Yelp Sponsors. (FAC ¶¶ 21, 46.)

Plaintiffs divide themselves into two putative classes: Non-Sponsor Plaintiffs and Sponsor Plaintiffs. The Non-Sponsor Plaintiffs are "those [Plaintiff] businesses to which Yelp offered paid advertising subscriptions, but which declined to purchase any advertising. In other words, 'Non-Sponsors' *could have become* Sponsors, but elected not to." (FAC ¶ 52.) The Sponsor Plaintiffs are "[Plaintiff] businesses that purchase advertising subscriptions as Yelp 'Sponsors.'" (FAC ¶ 44.)

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3.

DEFENDANT YELP'S MEMORANDUM OF LAW
ISO MOTION TO DISMISS FIRST AMENDED
COMPLAINT - CASE NO. CV 10-01340 BF(SSx)

1    **ARGUMENT**

2    **I.    Legal Standard**

3          On a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a

4    court must accept a plaintiff's allegations as true and construe them in a light most

5    favorable to the plaintiff.  *See Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480,

6    1484 (9th Cir. 1995).  However, "[c]onclusory allegations of law and unwarranted

7    inferences are insufficient to defeat a motion to dismiss for failure to state a claim."

8    *In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1403 (9th Cir. 1996) (citation omitted).

9    As the Supreme Court has recently stated, "a complaint must contain sufficient

10   factual matter, accepted as true, to 'state a claim to relief that is plausible on its

11   face.'  A claim has facial plausibility when the plaintiff pleads factual content that

12   allows the court to draw the reasonable inference that the defendant is liable for the

13   misconduct alleged."  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citation

14   omitted).  A plaintiff must therefore plead "more than a sheer possibility that a

15   defendant has acted unlawfully."  *Id.* at 1949.  The complaint must "raise a right to

16   relief above the speculative level."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545

17   (2007).

18   **II.   Plaintiffs' Claims for Violation of Penal Code Sections 518, 519, and 524
19         (Counts I and II) Should Be Dismissed.**

20        **A.    Penal Code Sections 518, 519, and 524 Do Not Provide a Private
             Right of Action.**

21

22        Counts I and II of the FAC allege that Yelp committed the crimes of

23   extortion and attempted extortion, in violation of California's Penal Code.

24   Plaintiffs' claims are barred by California's statutory scheme, which does not

25   generally provide a civil cause of action for violations of the Penal Code, including

26   the crimes of extortion and attempted extortion, but instead makes violation the

27   exclusive subject of <u>criminal</u> action by the government.  *See* Cal. Code Civ. P. § 31

28   ("The Penal Code defines and provides for the prosecution of a criminal action.");

Cooley Godward
Kronish LLP
Attorneys At Law
San Francisco                                4.                   **Defendant Yelp's Memorandum of Law
                                                                     ISO Motion to Dismiss first amended
                                                                     complaint - Case No. CV 10-01340 BF(SSx)**

1   Cal. Penal Code § 520 ("[e]very person who extorts any money or other property

2   from another . . . shall be punished by imprisonment . . ."); Cal. Penal Code § 524

3   ("[e]very person who attempts . . . to extort money or other property from another is

4   punishable by imprisonment . . .   or by fine . . . or by both such fine and

5   imprisonment.").

### B.   Any Claim for "Civil Extortion" (or "Attempted Civil Extortion") is Likewise Barred by Decisional Law.

8       Even if Plaintiffs were to argue that their claim is essentially a claim for

9   "civil extortion" (or "attempted civil extortion") and not literally a claim under Cal.

10  Penal Code §§ 518, 519, or 524, the claim would still be barred by the decisions of

11  this Court and other courts, which have found that "there is no private right of

12  action for 'extortion'" since "[e]xtortion is a criminal offense, not a civil cause of

13  action."  *See Arista Records v. Sanchez*, No. CV 05-07046 FMC, 2006 WL

14  5908359, at *2 (C.D. Cal. Mar. 1, 2006); *see also Wolk v. Green*, 516 F. Supp. 2d

15  1121, 1129 (N.D. Cal. 2007) ("Plaintiff does not provide any authority for her

16  bringing a private extortion claim . . .").

17      Recently, two federal courts have allowed claims for civil extortion under

18  apparent authority from *Fuhrman v. Cal. Satellite Sys., Inc*., 179 Cal. App. 3d 408

19  (1986), *overruled on other grounds by Silberg v. Anderson*, 50 Cal. 3d 205, 218

20  (1990).  *See Monex Deposit Co. v. Gilliam*, 666 F. Supp. 2d 1135 (C.D. Cal. 2009)

21  (allowing an attempted civil extortion claim under Cal. Penal Code § 523 against a

22  *pro se* counterclaim-defendant); *Hisamatsu v. Niroula*, No. C-07-04371-JSW, 2009

23  WL 4456392 (N.D. Cal. Oct. 22, 2009) (allowing a default judgment to be taken for

24  a civil extortion claim).  Both *Monex* and *Hisamatsu* find authority for allowing a

25  civil extortion claim in *Fuhrman*.  But although the Plaintiff in *Fuhrman* attached a

26  label of "civil extortion" to her claim, the claim was really one for duress and was

27  treated as such by the court.  Further, neither the plaintiff nor the court cited to the

28  Penal Code, and the plaintiff instead cited to California Civil Code section 3294

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN FRANCISCO
                                          5.
DEFENDANT YELP'S MEMORANDUM OF LAW
ISO MOTION TO DISMISS FIRST AMENDED
COMPLAINT - CASE NO. CV 10-01340 BF(SSx)

(punitive damages for homicide, oppression, fraud and malice). While the court allowed the claim to proceed, it applied the law of *duress and menace*. *Id.* at 426 (citing *Leeper v. Beltrami,* 53 Cal. 2d 195 (1959) (duress) and *Woodham v. Allen,* 130 Cal. 194 (1900) (duress)).

Because *Monex* and *Hisamatsu* rely on *Fuhrman* to support civil extortion claims under the Penal Code, they should not override decisions such as *Arista Records* and *Wolk*, which address the issue head on.

### C. Even If a Claim for Civil Extortion Were Cognizable Under California Law, Plaintiffs Have Failed to State Such a Claim in Count I.

Were a civil extortion claim available, the FAC nevertheless fails to state such a claim. Under the Penal Code, extortion is defined as "obtaining of property from another, with his consent, or the obtaining of an official act of a public officer, induced by a wrongful use of force or fear, or under color of official right." Cal. Penal Code § 518 (emphasis added). "Fear" is defined in Section 519 as one of four specific threats, including "to do an unlawful injury to the person or property of the individual threatened or of a third person," which is the type of threat Plaintiffs allege. (*See* FAC ¶ 184 (". . . Yelp obtained the property of the Sponsor Plaintiffs . . . with their consent, through the threat to do an unlawful injury to the person or property of the Sponsor Plaintiffs").)

Extortion is an "inherently bad and vicious" crime, *In re Disbarment of Coffey*, 123 Cal. 522, 525 (1899), that is "in the company of" crimes such as arson, burglary, and counterfeiting. *Id.* It is "related to and sometimes difficult to distinguish from the crime of robbery," both having their roots in the common law crime of larceny. *People v. Torres*, 33 Cal. App. 4th 37, 50 (1995). Both extortion and robbery share the element of "acquisition by means of force or fear," and the primary distinction is that "in robbery property is taken from another by force or

fear 'against his will' while in extortion property is taken from another by force or fear 'with his consent.'" *Id.*

### 1. The Alleged Threats to Manipulate Reviews Do Not Constitute the "Wrongful" Use of Fear Required for Extortion.

Although Plaintiffs have alleged that Yelp received property from Sponsor Plaintiffs in the form of advertising payments, they have failed to plead facts showing that the payments were induced by "a wrongful use of force or fear." A claim for extortion requires more than just fear. It requires the "wrongful" use of fear. Cal. Penal Code § 518. The Ninth Circuit has quoted Justice Oliver Wendell Holmes in this context for the proposition that "[a]s a general rule, even if subject to some exceptions, what you may do in a certain event you may threaten to do." *Rothman v. Vedder Park Mgmt.*, 912 F.2d 315, 318 (9th Cir. 1990). The *Rothman* court held that a threat to terminate a lease is not extortion under California or federal law where one has the right to do so. *Id.* Furthermore, the Ninth Circuit has held that courts must take a "narrow reading" of what constitutes a "wrongful" threat. *See Sosa v. DIRECTV, Inc.*, 437 F.3d 923, 939 (9th Cir. 2006) (finding cable company's written threats of costly litigation to customers, although "predicated on unsupportable factual allegations," was not wrongful use of fear sufficient to constitute extortion).

Simply put, even if it were true, as alleged, that Yelp threatened to manipulate reviews to Sponsors' benefit and Non-Sponsors' detriment, there would no claim for extortion, because Yelp had the legal right to do so. Yelp has the right to select which reviews to show, how to show them, and in what order. Furthermore, Yelp is within its legal rights to offer benefits (concerning, for example, how reviews appear on its website) in exchange for advertising payments. *See Rothman*, 912 F.2d at 318; *Westways World Travel, Inc. v. AMR Corp.*, 265 Fed. Appx. 472, 474 (9th Cir. 2008) (finding no extortion where defendant

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

7.

DEFENDANT YELP'S MEMORANDUM OF LAW
ISO MOTION TO DISMISS FIRST AMENDED
COMPLAINT - CASE NO. CV 10-01340 BF(SSx)

threatened to terminate a contract where it had a contractual right to terminate such contract). The alleged threats are thus not "wrongful."

### 2. Yelp's Alleged Offers to Provide Benefits to Advertisers Do Not Constitute Extortion.

Even though Plaintiffs use the term "threat," fairly read, the FAC does not allege facts that constitute threats, but rather offers to provide benefits to businesses that advertise on the Yelp Website. The actual making of a threat (whether explicit or implied) is an essential element of extortion. Courts are careful to distinguish between an <u>offer</u> or a <u>proposition</u>, on the one hand, and a <u>threat</u>, on the other hand. An offer or a proposal (*e.g.*, to do business or provide services) is <u>not</u> a threat and will not support a claim for extortion. For example, in *Sigmond v. Brown*, 645 F. Supp. 243, 246 (C.D. Cal. 1986), this Court found that offering a chiropractor more favorable reviews by the chiropractor peer review committee in exchange for referrals of clients to the legal practice of a member of the committee was not an extortionist threat, but merely an offer. *See also People v. Anderson*, 75 Cal. App. 365, 374-75 (1925), *disapprove of on other grounds by In re Wright*, 65 Cal. 2d 650 (1967) (finding insufficient charges of extortion where defendant propositioned or offered to drop criminal charges in exchange for the payment of a certain sum of money because there had been no threat of new criminal accusations).

Sponsor Plaintiffs must plead plausible allegations of threats, but have failed to do so here. Instead, they allege that Yelp offered them the benefits of being a Yelp advertiser, and that they accepted Yelp's offers. For example, Sponsor Plaintiff Bleeding Hart Bakery alleges that in exchange for purchasing Yelp's advertising services, a Yelp sales person offered the following: (1) to "push bad reviews to the very end of Bleeding Heart Bakery's Yelp.com listing pages;" (2) to permit the bakery owner to "choose her favorite ten reviews . . . [to] appear at the top of Bleeding Heart Bakery's Yelp.com listing pages;" and (3) "[to] choose which pictures uploaded by reviewers would appear on Bleeding Heart Bakery's

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

8.

DEFENDANT YELP'S MEMORANDUM OF LAW
ISO MOTION TO DISMISS FIRST AMENDED
COMPLAINT - CASE NO. CV 10-01340 BF(SSx)

Yelp.com listing pages, and which would be removed." (FAC ¶¶ 151-54.) Thus, the reason she signed up to be a Yelp Sponsor was because she was offered certain benefits, which she found attractive. She never alleges that she suffered explicit or implied threats by Yelp or that it was because of such threats that she became a Sponsor. She does not allege that she was threatened, or that she made her to decision to advertise on the basis of such threats.

Similarly, Sponsor Plaintiff Sofa Outlet alleges that she signed up to be a Sponsor because she was told that "if Sofa Outlet agreed to purchase an advertising subscription, Sofa Outlet's positive reviews would be made more prominent while Sofa Outlet's negative reviews would be made less prominent and, eventually, removed altogether." (FAC ¶¶ 162-63.) Again, her allegations make it clear that she signed up to be a Yelp Sponsor in order to receive the offered benefits and she does not allege any threat. The same is true of Sponsor Plaintiff Celibré, which alleges that it purchased advertising services because a Yelp sales representative offered to "allow Celibré to choose the order of reviews on its Yelp.com listing page in exchange for becoming a sponsor." (FAC ¶ 168.)

None of these allegations constitute a threat in the most basic definition of the word, let alone a threat rising to the level of extortion.

### 3. Sponsor Plaintiffs Have Failed to Adequately Plead that Yelp's Actions "Coerced" Them to Purchase Yelp's Advertising Services Through Force or Fear.

Because extortion is part-and-parcel with the crime of robbery and shares the element of acquisition by means of "force or fear," it is not surprising that extortion is only found where the victim is so fearful of a defendant's threatened action that he is "coerced" into surrendering the property. *People v. Goodman*, 159 Cal. App. 2d 54, 61 (1958). The "force or fear" required for extortion is quite literally akin to the "force or fear" needed to sustain a conviction for robbery—it must "control" the victim's consent so that it action is "coerced and unwilling." *Id*. (emphasis added);

Cooley Godward
Kronish LLP
Attorneys At Law
San Francisco

9.

Defendant Yelp's Memorandum of Law
ISO Motion to Dismiss First Amended
Complaint - Case No. CV 10-01340 BF(SSx)

*see also* 17 Am. Jur. 2d *Extortion* § 3 (defining "threat" for extortion as "a menace of such a nature as to unsettle the mind of a person on whom they are intended to operate, and to take away from such person's acts that free voluntary action which alone constitutes consent").  Furthermore, the mere fact that fear enters into the decision does not constitute "fear" sufficient to sustain a claim for extortion. Instead, the fear "must be the operating cause which produces the consent" and "[i]f some other cause [is] the primary and controlling one in inducing the consent, then there [is] no extortion."  *People v. Beggs*, 178 Cal. 79, 88 (1918) (citations omitted).  Borrowing from the closely analogous law on duress[2] (under which a party to a contract can rescind where he or she was coerced into signing against his or her will), the Ninth Circuit has held that "[e]conomic duress occurs when a person subject to a wrongful act . . . must succumb to the demands of the wrongdoer or <u>else suffer financial ruin</u>."  *Sheehan v. Atlanta Int'l Ins. Co.*, 812 F.2d 465, 469 (9th Cir. 1987) (emphasis added).

Sponsor Plaintiffs have failed to allege "compulsive" fear.  Specifically, they have failed to allege that fear of Yelp is similar to the fear of a loaded gun in a robbery, "compelling" them to become Yelp advertisers such that their consent was "coerced and unwilling."  Nor have they alleged anything close to fear of "financial ruin" if they did not advertise.  To the contrary, the fact that one of the Sponsor Plaintiffs, Sofa Outlet, actually ceased advertising with Yelp contradicts any allegation that they were forced to advertise beyond their will.  (*See* FAC ¶ 164.) Furthermore, the fact that seven of the ten Plaintiffs never agreed to advertise in the first place demonstrates that whatever "fear" Plaintiffs may have felt was not "compelling" enough to overcome the will of the businesses.

---

[2] The applicability of the law of duress is particularly apt here where the Sponsor Plaintiffs could attempt to bring claims for rescission of their contracts with Yelp on grounds of duress, not under the Penal Code for extortion.

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN FRANCISCO
10.
DEFENDANT YELP'S MEMORANDUM OF LAW
ISO MOTION TO DISMISS FIRST AMENDED
COMPLAINT - CASE NO. CV 10-01340 BF(SSx)

Moreover, Sponsor Plaintiffs have not put forward any plausible allegations that their fear of Yelp was the "operating" and "primary" reason they signed up to be Yelp Sponsors. To the contrary, Sponsor Plaintiffs' allegations suggest that each of them signed up for Yelp because Yelp offered them certain benefits, such as the ability to control the appearance of reviews or pictures on their businesses' pages, which they found attractive. (FAC ¶¶ 151-54, 162-63, 168.)

### D. Even if a Claim for Attempted Civil Extortion Were Cognizable Under California Law, Plaintiffs Have Failed to State Such a Claim in Count II.

Similarly, even if a claim for "attempted civil extortion" exists, Plaintiffs' allegations do not support such a claim. Under criminal law, the elements of attempted extortion are defined as "(1) a specific intent to commit extortion and (2) a direct ineffectual act done towards its commission." *People v. Sales*, 116 Cal. App. 4th 741, 749 (2004). Because, for the reasons set forth above (Section II(C)), Plaintiffs' allegations do not support a plausible "extortionist" scheme by Yelp, there is no plausible inference that Yelp had the specific intent to commit extortion.

## III. Plaintiffs Fail to State a Claim for Interference with Prospective Business Advantage (Count III).

Plaintiffs' claim for interference with prospective business advantage fails for two separate reasons: (a) Plaintiffs have not pled damage to their business goodwill with particularity, and (b) Plaintiffs have not established that the interference was independently wrongful.

Cooley Godward
Kronish LLP
Attorneys At Law
San Francisco

11.

DEFENDANT YELP'S MEMORANDUM OF LAW
ISO MOTION TO DISMISS FIRST AMENDED
COMPLAINT - CASE NO. CV 10-01340 BF(SSx)

### A. Plaintiffs Do Not Plead Damages to Their Business Goodwill with the Requisite Particularity.

Plaintiffs have not pled the alleged damage to their business's goodwill with the particularity required to sustain a claim for interference with prospective business advantage. Damages to a business's goodwill in a claim for tortious interference with prospective business advantage "are considered special damages and, as such, must be pleaded with particularity." *Diodes, Inc. v. Franzen*, 260 Cal. App. 2d 244, 257 (1968). Damage allegations cannot be "vague" and must "show . . . a connection between that damage and the defendant['s] [actions]." *Id.* In the *Diodes* case, the California Court of Appeal considered a damage allegation that stated: "[a]s a consequence of the aforesaid acts of defendants . . . plaintiff has been deprived of the patronage of many customers who otherwise would have patronized plaintiff, all to plaintiff's damage in amounts unknown to plaintiff." *Id.* at 257 n.4. The court found that such an allegation was "vague" and did not allege "any connection" between plaintiff's alleged harm and defendant's actions. *Id.* at 257.

Although each of the Plaintiffs allege harm to their businesses' goodwill, it is hard to imagine more vague and conclusory allegations of damage. Under Count III itself, Plaintiffs allege only that "[t]he Non-Sponsor Plaintiffs and Non-Sponsor Class members suffered economic harm proximately caused by Yelp's acts." (FAC ¶ 197.) Plaintiffs' individual allegations are equally vague. Two named Plaintiffs, Sofa Outlet and Celibré, fail to make *any* individual allegations of damages, let alone particularized allegations. (*See* FAC ¶¶ 162-170.) Seven of the eight remaining named Plaintiffs allege harm to their goodwill in the most vague, non-specific manner possible: they claim they were "damaged as a result of Yelp's actions, including through lost patronage and prospective business." (*See* FAC ¶¶ 107, 115, 121, 127, 134, 140, 146 (Non-Sponsor Plaintiffs Cats and Dogs, Astro, Adult Socials, Le Petite Retreat, Mermaids Cruises, Wag My Tail, and Scion).)

These bald allegations are virtually the same as the allegation in *Diodes* that was held to be impermissibly vague.

The only Plaintiff presenting anything more specific than a conclusory allegation of damage to goodwill is Plaintiff Bleeding Heart Bakery, who provides still-insufficient detail regarding one week's worth of lost sales.  (*See* FAC ¶ 158 ("[D]uring a week following the posting of these negative reviews by Yelp Elite Squad members, Bleeding Heart Bakery went from typical sales of 300 cupcakes per week to just 24 cupcakes, and was forced to throw out the remainder of its inventory.").)  But despite offering an "example" of harm, Bleeding Heart Bakery's allegation still falls well short of being particularized, since it discusses only one week's worth of decreased sales, for one type of baked good (*i.e.*, nothing about any other baked products that Bleeding Heart Bakery may sell), and provides no details of the amount of monetary loss.

Thus, Plaintiffs have failed as a matter of law to plead a sufficient claim for interference with prospective business advantage.

**B.    Plaintiffs Have Failed as a Matter of Law to Establish that the Alleged Interference by Yelp Was Independently Wrongful.**

When making a claim for interference with prospective business advantage, "a plaintiff must plead and prove that the conduct alleged to constitute interference was independently wrongful, *i.e.*, unlawful for reasons other than that it interfered with prospective economic advantage."  *Stevenson Real Estate Servs., Inc., v. CB Richard Ellis Real Estate Servs., Inc.,*  138 Cal. App. 4th 1215, 1224 (2006).  Thus, "[t]he conduct must be 'independently actionable'" *Id.* at 1220.

For the reasons discussed in Sections II, IV, and V, Plaintiffs have failed to plead that the alleged interference was unlawful in a manner other than the alleged interference itself.  Not only do the claims for extortion, attempted extortion and violation of the UCL fail as a matter of law, but, as discussed in Section II(C) above, even if all of the allegations against Yelp are true, Yelp had a right to offer

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

13.

DEFENDANT YELP'S MEMORANDUM OF LAW
ISO MOTION TO DISMISS FIRST AMENDED
COMPLAINT - CASE NO. CV 10-01340 BF(SSx)

1    the alleged benefits to Sponsors and a right not to give such benefits to Non-

2    Sponsors.  Plaintiffs' claim for interference must therefore be dismissed for failure

3    to state a claim.

4    **IV.    The Non-Sponsor Plaintiffs Do Not Have Standing Under California**

5    **        Business and Professions Code § 17200 (Count IV).**

6          Plaintiffs allege that Yelp has violated B&P § 17200 *et seq.*, which

7    constitutes California's Unfair Competition Law ("UCL").  The UCL defines

8    "unfair competition" as "any unlawful, unfair or fraudulent business act or

9    practice."   B&P § 17200.   The UCL thus defines three varieties of unfair

10   competition:  unlawful practices, unfair practices, and fraudulent practices.

11   *Daugherty v. Am. Honda Motor Co., Inc.*, 144 Cal. App. 4th 824, 837 (2006).

12   Plaintiffs claim that Yelp has violated all three prongs of § 17200.  (FAC ¶¶ 198-

13   209.)

14         Plaintiffs' claim for a violation of the UCL fails as a matter of law because

15   Plaintiffs have not alleged "injury in fact" that would give them standing under

16   § 17200.

17         **A.    Private Standing Under § 17200 Is Limited to Individuals Entitled**

18   **              to Restitution.**

19         In 2004, California voters approved Proposition 64, which amended the UCL

20   from a procedural perspective, but did not change the substantive rules.  *See*

21   *Californians for Disability Rights v. Mervyn's, LLC*, 39 Cal. 4th 223, 232 (2006).

22   Whereas prior to the Proposition 64 amendments, any person "acting for the

23   interests of itself, its members or the general public" could bring a § 17200 claim,

24   after Proposition 64, a private person has standing to bring a § 17200 claim only if

25   that person "has suffered injury in fact and has lost money or property as a result of

26   such unfair competition."   B&P § 17200; *Mervyn's*, 39 Cal. 4th at 227 ("After

27   Proposition 64, . . . a private person has standing to sue only if he or she 'has

28

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN FRANCISCO                                        14.       **DEFENDANT YELP'S MEMORANDUM OF LAW
ISO MOTION TO DISMISS FIRST AMENDED
COMPLAINT - CASE NO. CV 10-01340 BF(SSx)**

1   suffered injury in fact and has lost money or property as a result of such unfair

2   competition.'").

3       The result of the Proposition 64 amendments was to limit private party

4   standing to those individuals who can show an entitlement to restitution: "[b]ecause

5   remedies for individuals under the UCL are restricted to injunctive relief and

6   restitution, the import of the requirement is to limit standing to individuals who

7   suffer losses of money or property that are eligible for restitution." *Buckland v.*

8   *Threshold Enters., Ltd.*, 155 Cal. App. 4th 798, 817 (2007); *see also Citizens of*

9   *Humanity, LLC v. Costco Wholesale Corp.*, 171 Cal. App. 4th 1, 22 (2009)

10  (following *Buckland*).  This is the case because monetary relief under the UCL is

11  limited to restitution.  *See Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th

12  1134, 1148 (2003) ("Our previous cases discussing the UCL indicate our

13  understanding that the Legislature did not intend to authorize courts to order

14  monetary remedies other than restitution in an individual action.").  And the courts

15  have defined restitution as the "return of money or property that was once in the

16  possession of that person." *Cortez v. Purolator Air Filtration Prods. Co.*, 23 Cal.

17  4th 163, 178 (2000); *Korea Supply*, 29 Cal. 4th at 1149.  Thus, as the Eastern

18  District of California explained in *Walker v. USAA Cas. Ins. Co.*, 474 F. Supp. 2d

19  1168 (E.D. Cal. 2007), in approving Proposition 64, "the People are presumed to

20  have intended that the 'loss of money or property' they required for standing would

21  be interpreted in accordance with the construction already given to the 'lost money

22  or property' required to seek restitution under section 17203."  474 F. Supp. 2d at

23  1172.

24      The Ninth Circuit has agreed.  In affirming *Walker*, the court cited *Buckland*

25  for the proposition that the Proposition 64 amendments "limit standing to

26  individuals who suffer losses of money or property that are eligible for restitution"

27  and fully endorsing and adopting the district court's analysis of the history and

28  purpose of the law.  *Walker v Geico Gen. Ins. Co.*, 558 F.3d 1025, 1027 (9th Cir.

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

15.

DEFENDANT YELP'S MEMORANDUM OF LAW
ISO MOTION TO DISMISS FIRST AMENDED
COMPLAINT - CASE NO. CV 10-01340 BF(SSx)

2009).  *See also, e.g.¸ Germain v. J.C. Penney Co.*, No. CV 09-2847 CAS 2009 WL 1971336, at *7 (C.D. Cal. July 6, 2009) (holding that where "plaintiffs have not demonstrated that they 'lost money or property' recoverable as restitution . . . plaintiffs' claims should be dismissed because plaintiffs lack standing to bring a UCL claim"); *Brockington v. J.P. Morgan Chase Bank, N.A.*, No. C-08-05795 RMW, 2009 WL 1916690, at *4 (N.D. Cal. July 1, 2009) ("A plaintiff who cannot allege having suffered losses which would entitle her to restitution has no standing to pursue a cause of action for unfair competition.").

### B.     Harm to a Business's Goodwill or Market Share Does Not Confer § 17200 Standing.

Both prior to and after the Proposition 64 amendments, courts (including the California Supreme Court) have consistently held that compensation for harm to a business's goodwill, market share, or lost business opportunities does not constitute restitution and is thus not recoverable under the UCL.  *Korea Supply*, 29 Cal. 4th at 1148-49 ("Compensation for a lost business opportunity is a measure of damages and not restitution to the alleged victims."); *United States v. Sequel Contractor., Inc.*, 402 F. Supp. 2d 1142, 1156 (C.D. Cal. 2005) (finding that "in the context of the UCL, 'restitution' is limited to the return of property or funds in which the plaintiff has an ownership interest" and holding that decline in the value of a business is not recoverable under UCL).  Thus, a business that claims only damage to goodwill or market share is not entitled to restitution under the UCL and, post-Proposition 64, has no standing to sue.  *Citizens of Humanity*, 171 Cal. App. 4th at 22 (a competitor's "allege[d] harm to its goodwill" does not constitute a "loss of money or property as a result of unfair competition sufficient to confer standing"); *Pom Wonderful LLC v. Welch Foods, Inc.*, No. CV 09-567 AHM, 2009 WL 5184422, at *3 (C.D. Cal. Dec. 21 2009) (holding that injury to goodwill does not confer § 17200 standing).

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

16.

DEFENDANT YELP'S MEMORANDUM OF LAW
ISO MOTION TO DISMISS FIRST AMENDED
COMPLAINT - CASE NO. CV 10-01340 BF(SSx)

Harm to a business's goodwill or lost business opportunity is not restitution under the UCL. The California Supreme Court has stated that "[t]he object of restitution is to restore the status quo by returning to the plaintiff funds in which he or she has an ownership interest." *Korea Supply*, 29 Cal. 4th at 1149. Thus, restitution consists of either "money or property that was once in the possession of that person" or "money or property in which he or she has a vested interest." *Id.* at 1149. But a business does not have an ownership or vested interest in its goodwill or prospective profits. Instead, such interests are, at best, expectancy interests, which cannot be the basis of a UCL claim. *Id.* at 1149-50; *Pom Wonderful*, 2009 WL 5184422, at *3 (finding that business goodwill is "nothing more than a 'contingent expectancy of payment from a third party'—in this case, consumers").

Consequently, a prayer for disgorgement of profits based on a lost business opportunity or stolen market share is not a valid form of relief under § 17200. *Korea Supply*, 29 Cal. 4th at 1152 ("We hold that nonrestitutionary disgorgement of profits is not an available remedy in an individual action under the UCL.").

The California Supreme Court's decision in *Korea Supply* is particularly apt. Plaintiff Korea Supply Company ("KSC") was the agent for a losing bidder on a manufacturing contract with the Republic of Korea. KSC stood to earn approximately $30 million if its principal's bid was accepted, but it lost the bid to Lockheed Martin. After it was revealed that Lockheed Martin had bribed key Korean officials with cash and sexual favors, KSC sued Lockheed Martin under § 17200 for disgorgement of Lockheed Martin's profits. The court denied the claim, finding that KSC sought nonrestitutionary disgorgement of profits, which is not the proper basis for a § 17200 claim. *Korea Supply,* 29 Cal. 4th at 1152.

Similarly instructive is this Court's treatment of plaintiff's § 17200 claim in *Pom Wonderful*. Plaintiff, producer of "Pom" pomegranate juice ("Pom"), sued the manufacturer of "Welch's" juices for claims under the UCL, California's False Advertising Law (B&P § 17500 *et seq*.), and the Lanham Act. Pom claimed that

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

17.

DEFENDANT YELP'S MEMORANDUM OF LAW
ISO MOTION TO DISMISS FIRST AMENDED
COMPLAINT - CASE NO. CV 10-01340 BF(SSx)

Welch made false representations and statements about the amount of pomegranate juice in its "White Grape Pomegranate" juice and it asked for disgorgement of profits and compensation for lost market share. The Court denied Pom's claims under both the UCL and California's False Advertising Law, holding that Pom sought nonrestitutionary damages. *Pom Wonderful,* 2009 WL 5184422, at *5.

### C. The Non-Sponsor Plaintiffs Cannot Sue for Non-Restitutionary Damages and Thus Do Not Have Standing Under § 17200.

The Non-Sponsor Plaintiffs have not alleged any facts under which they have an arguable claim for anything other than nonrestitutionary damages, and they thus do not have standing to pursue a § 17200 claim.

Plaintiffs allege that the Non-Sponsor Plaintiffs "declined to purchase any advertising" (FAC ¶ 52) and that thereafter the Non-Sponsor Plaintiffs saw positive reviews disappear and negative reviews increase (FAC ¶¶ 53-55). They further allege that, "[a]s a result of these consequences for declining to become a Yelp Sponsor, Non-Sponsors frequently see their Yelp.com rating significantly decrease soon after declining to become a Sponsor." (FAC ¶ 59.) The damage according to plaintiffs is that, "[t]he decline of their Yelp.com rating, and the posting of false negative reviews, harms Non-Sponsors, which frequently see a drop in the number of customers patronizing their businesses, and a decrease in income and profits." (FAC ¶ 60.)

Thus, the Non-Sponsor Plaintiffs allege that they did not give Yelp any money and therefore there is no "restitution" to be had from Yelp. Instead, the damages they seek are for "a drop in the number of customers patronizing their businesses" and "a decrease in income and profits"—*i.e.*, damage to their business goodwill and market share. Such plaintiffs—like the plaintiffs in *Korea Supply* and *Pom Wonderful*—have no ownership or vested interest in such profits, which are, at best, expectancy interests. Accordingly, they thus have no standing to sue under § 17200. *See Korea Supply*, 29 Cal. 4th at 1149-50.

Cooley Godward
Kronish LLP
Attorneys At Law
San Francisco

18.

Defendant Yelp's Memorandum of Law
ISO Motion to Dismiss first amended
complaint - Case No. CV 10-01340 BF(SSx)

**V.      Plaintiffs Have Failed to Plead with Particularity as Required Under Federal Rule of Civil Procedure 9(b) (All Counts).**

      **A.      Rule 9(b) Requires that Allegations of Fraud and Misrepresentation Be Pleaded with Particularity**

Under Federal Rule of Civil Procedure 9(b), "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." The rule serves three purposes:

> (1) to provide defendants with adequate notice to allow them to defend the charge and deter plaintiffs from the filing of complaints 'as a pretext for the discovery of unknown wrongs'; (2) to protect those whose reputation would be harmed as a result of being subject to fraud charges; and (3) to 'prohibit plaintiffs from unilaterally imposing upon the court, the parties and society enormous social and economic costs absent some factual basis.'

*Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009) (citations omitted).

To satisfy Rule 9(b), "[a]verments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (emphasis added and citations omitted)  Furthermore, "[t]he plaintiff must set forth what is false or misleading about a statement, and why it is false." *In re GlenFed, Inc. Sec. Litig.*, 42 F.3d 1541, 1548 (9th Cir. 1994) (emphasis added) (en banc), *superseded by statute on other grounds as stated in In re Silicon Graphics, Inc.*, 970 F. Supp. 746, 754 (N.D. Cal. 1997).  Plaintiffs must provide factual support for each allegation, and "mere conclusory allegations of fraud are insufficient." *Moore v. Kayport Package Exp., Inc.*, 885 F.2d 531, 540 (9th Cir. 1989).

Rule 9(b)'s heightened pleading standard applies, by its terms, to "alleg[ations] of fraud," not to claims of fraud.  Thus, even "where fraud is not a necessary element of a claim, a plaintiff may choose nonetheless to allege in the complaint that the defendant has engaged in fraudulent conduct." *Vess*, 317 F.3d at

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

19.

DEFENDANT YELP'S MEMORANDUM OF LAW
ISO MOTION TO DISMISS FIRST AMENDED
COMPLAINT - CASE NO. CV 10-01340 BF(SSx)

1103-04.  Where plaintiff chooses to do so and relies on a "unified course of fraudulent conduct" to support non-fraudulent claims, the claims are said to be "grounded in fraud" and "the pleading of th[e] claims as a whole must satisfy the particularity requirement of Rule 9(b)." *Id.*

### B.  Plaintiffs' Claims Are All Subject to the Rule 9(b) Standard.

All of Plaintiffs' claims are subject to the Rule 9(b) standard, since they are all grounded in fraud.  First, as discussed above (*see supra*, Section II), Plaintiffs' claims for extortion and attempted extortion (Counts I and II), if they can proceed at all, must proceed as "duress" or "menace" claims, which are fraudulent in nature. *See Fuhrman*, 179 Cal. App. 3d at 426 (finding that plaintiff's "civil extortion" claim "is essentially a cause of action for moneys obtained by duress, a form of fraud."); *Leeper*, 53 Cal. 2d at 205 ("Duress is a species of fraud."). Second, Plaintiffs' claims for violations of the "unfair" and "fraudulent" prongs of the UCL (Count IV) are based on based on fraud and must be pled with particularity. *Fortaleza v. PNC Fin. Servs. Group, Inc.*, 642 F. Supp. 2d 1012, 1119-20 (N.D. Cal. 2009) (holding that claims for unfair and fraudulent business practices must be pled with particularity); *see also Vess*, 317 F.3d at 1103 (requiring 17200 claim, where based on fraud, to be pled with particularity). Third, since interference requires that the act be "independently wrongful," *Stevenson,* 138 Cal. App. 4th at 1224, to the extent that Plaintiffs rely on § 17200 or extortion to establish "wrongfulness," the allegations of fraud or misrepresentation must be alleged with particularity.

Furthermore, as alleged in the FAC, all of Plaintiffs' claims rely heavily on Plaintiffs' allegations that Yelp (a) misrepresents the objective nature of the business listings on its website, and (b) itself creates fraudulent reviews of businesses.  Each of Plaintiffs' claims is therefore "grounded in fraud," and each must be pled with particularity.

All of Plaintiffs' claims are premised on the allegation that, on the one hand,

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

20.

**DEFENDANT YELP'S MEMORANDUM OF LAW
ISO MOTION TO DISMISS FIRST AMENDED
COMPLAINT - CASE NO. CV 10-01340 BF(SSx)**

Yelp holds itself out as an objective review website while, on the other hand, Yelp manipulates businesses' ratings and the order of reviews on businesses' listings to force businesses to become Yelp Sponsors.  Plaintiffs aver that Internet users rely on Yelp's representation of objectivity in informing their consumer decisions, and that Yelp abuses the trust its users place in the objectivity of the Yelp Website by manipulating businesses' ratings and reviews to drive customers to or from businesses—all in a quest for Sponsorship money.  (*See, e.g.*, FAC ¶ 37 ("[t]he Yelp.com website draws internet users with the promise that . . . the site offers an objective ranking of competing businesses through which users can determine the relative quality of a business when deciding where to spend money"); ¶ 93 ("Yelp in fact manipulates Yelp.com business listing pages in favor of Yelp Sponsors and detrimentally to Yelp Non-Sponsors."); ¶ 20 ("Yelp . . . regularly manipulates the content on Yelp.com listing pages, despite Yelp's mantra of 'Real people. Real reviews." (emphasis added).)

Furthermore, Plaintiffs allege that Yelp employees and other individuals connected with Yelp purposefully create and post false, negative (or positive) reviews.  Plaintiffs claim that "[i]n a variety of contexts, Yelp personnel (for example sales personnel soliciting businesses to become Sponsors) threaten to write and post false negative reviews of businesses."  (FAC ¶ 68.)  Plaintiffs further allege that "Yelp personnel have in fact written and posted false negative reviews of businesses listed on Yelp.com."  (FAC ¶ 69.)  Plaintiffs claim that Yelp holds these false reviews out as genuine reviews, on which representations users rely, and that, as a result, the fraudulent reviews damage Plaintiffs' businesses.

Since each of Plaintiffs' claims relies on allegations of these two types of fraudulent and misrepresentative conduct by Yelp, Plaintiffs thus allege a "unified course of fraudulent conduct" and each of their claims are "grounded in fraud" and must therefore satisfy the particularity requirement of Rule 9(b).  *Vess*, 317 F.3d at 1103-04.

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

21.

DEFENDANT YELP'S MEMORANDUM OF LAW
ISO MOTION TO DISMISS FIRST AMENDED
COMPLAINT - CASE NO. CV 10-01340 BF(SSx)

### C.  Plaintiffs Have Failed to Meet the Rule 9(b) Standard for Particularity

Plaintiffs do not come close to meeting the particularity required of Rule 9(b) for any of their four counts.  While the rule requires allegations to be non-conclusory and to specify, for example, the "the who, what, when, where, and how" of the misconduct charged and "why" a statement is false, the FAC is littered with conclusory, unsupported allegations and allegations that are pure hearsay and cannot be properly alleged on anything other than "information and belief" (even though Plaintiffs fail to so plead for any of the allegations in the FAC).  For example,

- Plaintiffs allege that "false negative reviews are sometimes generated by Yelp personnel or others who act on behalf of Yelp." (FAC ¶ 56.) But the complaint does not give the particulars (*i.e.*, the who, what, when, where, how and why) of a single instance of such negative reviews being created.  Plaintiffs instead simply repeat the same conclusory allegations time-and-again.[3]

- Plaintiffs allege "Yelp uses the Yelp Elite Squad as an agent of coercion, promising businesses positive reviews from Elite Squad members, or threatening negative reviews from Elite Squad members . . . ." (FAC ¶ 79.)  But Plaintiffs provide no specifics except for one instance in which allegedly "a Yelp Elite Squad member systematically went through businesses located in an arts district in Columbus, Ohio, giving negative reviews to galleries and other

---

[3] *See, e.g.*, FAC ¶ 68 ("Yelp personnel . . . threaten to write and post false negative reviews"); ¶ 69 ("Yelp personnel have in fact written and posted false negative reviews"); ¶ 70 ("In some cases, businesses that received negative reviews from Yelp personnel are subsequently asked to purchase advertising subscriptions."); ¶ 71 ("In some cases, businesses that declined to purchase advertising subscriptions receive negative reviews from Yelp personnel.").

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

22.

DEFENDANT YELP'S MEMORANDUM OF LAW
ISO MOTION TO DISMISS FIRST AMENDED
COMPLAINT - CASE NO. CV 10-01340 BF(SSx)

businesses in the district." (FAC ¶ 80.)   However, Plaintiffs fail to allege details as to who the agent was, what businesses were affected, when this occurred, or who inquired of the Elite Squad member;

- Plaintiffs allege that "Yelp . . . regularly manipulates the content on Yelp.com listing pages . . ." (FAC ¶ 20) and that "Yelp in fact manipulates Yelp.com business listing pages in favor of Yelp Sponsors and detrimentally to Yelp Non-Sponsors . . ." (FAC ¶ 93), but they provide almost no particularized detail regarding such manipulation;

- Plaintiffs quote extensively from newspaper articles about Yelp (FAC ¶¶ 84-90), even though the allegations therein are pure hearsay (albeit not alleged on information and belief); and

- Overall, Plaintiffs allege "Yelp's conduct constitutes 'fraudulent' business acts and practices because the conduct has a tendency to deceive the Plaintiffs and the Classes, and the general public" (FAC ¶ 207), but—apart from reference to one alleged conversation with an Elite Squad member—they have not provided any details whatsoever on any fraudulent statements, who made them, when they were made, and, how such statements misled Plaintiffs or the general public.

Because all of Plaintiffs' claims are premised on alleged misrepresentative schemes by Yelp, after stripping away the vague, conclusory, non-particularized allegations in the FAC, all of Plaintiffs' claims must be dismissed as a matter of law under Rule 12(b)(6).

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

23.

DEFENDANT YELP'S MEMORANDUM OF LAW
ISO MOTION TO DISMISS FIRST AMENDED
COMPLAINT - CASE NO. CV 10-01340 BF(SSx)

1

**CONCLUSION**

2      For the foregoing reasons, Defendant respectfully submits that Plaintiffs'

3   First Amended Complaint should be dismissed, in its entirety, under Federal Rule

4   of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be

5   granted.

6   Dated:    April 1, 2010              COOLEY GODWARD KRONISH LLP
                                         MICHAEL G. RHODES (116127)
7                                        MATTHEW D. BROWN (196972)
                                         BENJAMIN H. KLEINE (257225)
8                                        SARAH R. BOOT (253658)

9

10                                          _/s/ Matthew D. Brown_

11                                       Matthew D. Brown (196972)
                                         Attorneys for Defendant
12                                       YELP! INC.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

24.

DEFENDANT YELP'S MEMORANDUM OF LAW
ISO MOTION TO DISMISS FIRST AMENDED
COMPLAINT - CASE NO. CV 10-01340 BF(SSx)