COOLEY LLP
MICHAEL G. RHODES (116127) (rhodesmg@cooley.com)
MATTHEW D. BROWN (196972) (brownmd@cooley.com)
BENJAMIN H. KLEINE (257225) (bkleine@cooley.com)
101 California Street, 5th Floor
San Francisco, CA 94111-5800
Telephone: (415) 693-2000
Fax: (415) 693-2222

Attorneys for Defendant
YELP! INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CATS AND DOGS ANIMAL HOSPITAL, INC., et al., on behalf of itself and all others similarly situated,<br><br>            Plaintiffs,<br><br>v.<br><br>YELP! INC.,<br><br>           Defendant. | No. CV 10-02351 MHP<br><br>**DEFENDANT YELP! INC.'S OPPOSITION TO PLAINTIFFS' MOTION TO SHORTEN TIME**<br><br>Date: None<br>Time: None<br>Judge: Hon. Marilyn Hall Patel<br>Trial Date: Not Yet Set |

Plaintiffs' motion fails to comply with this Court's rules and lacks substantive merit. Plaintiffs have ignored the Court's local rules requiring conferences with counsel for Yelp! Inc. ("Yelp") prior to serving their deposition notice, filing their motion to compel, or requesting sanctions. Instead, Plaintiff now attempts to force Yelp to produce a Rule 30(b)(6) witness on a panoply of overly broad topics on a date unilaterally decided by Plaintiffs.

Yelp's position that the deposition is premature is well-founded. Yelp has filed a motion to consolidate this case with *Boris Y. Levitt v. Yelp! Inc.*, Case No. CV 10-01321 ("Levitt") and to require the filing of a superseding, amended complaint. Yelp thus seeks to avoid duplication of effort and burden, since the same discovery will, of necessity, be conducted in both actions. Further, no protective order has been entered and the initial case management conference has not yet occurred. Plaintiffs had no reason to assume the deposition would remain on calendar and only first sought to confirm the deposition date on the same date that they filed the present motion. Finally, Plaintiffs' basis for claiming "sanctions" in the amount of counsel's "non-refundable" plane tickets is also unwarranted, and the sanctions request itself fails to conform to this Court's requirement of a separately noticed motion. For all of these reasons, the Court should deny Plaintiffs' improper motion and misguided request for sanctions.

I. **PROCEDURAL POSTURE & RELEVANT FACTS**

This action was initially filed in Central District and was transferred pursuant to 28 U.S.C. § 1404(a) to this Court on May 3, 2010. (Docket No. 56.) One factor supporting the transfer order was the potential for consolidation of this action with *Levitt*, already pending here. (*Id.* at 6.) But transfer did not occur until May 28, and *Cats and Dogs* was not assigned to this Court until June 4, when *Cats and Dogs* and *Levitt* were ordered related. (Docket Nos. 57 & 62.)

Shortly thereafter, on June 9, Yelp moved to consolidate the two cases, and set a hearing for the earliest available date, July 19. (Docket No. 64.) On June 14, Plaintiffs in *Cats and Dogs* filed an opposition to Yelp's motion and a cross-motion seeking a stay of the *Levitt* action and designation of this action as lead action, appointment of Plaintiffs' counsel as interim class counsel, and submission of Yelp's motion to dismiss in this action for hearing. (Docket No. 65.)

On June 15 at 6:57 p.m. PST, Yelp served Plaintiffs' counsel with formal objections to the

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1.

DEFENDANT YELP'S OPPOSITION TO
PLAINTIFFS' MOTION TO SHORTEN TIME
CASE NO. CV 10-02351 MHP

30(b)(6) notice. (Declaration of Jared Beck ("Beck Decl.") Exs. D & E.) Yelp generally objected to Plaintiffs' unilaterally declared deposition date as premature given the pending consolidation motion and the fact that no CMC had been held nor Scheduling Order entered. (*Id*. Ex. E.) Yelp also objected to proceeding with the deposition until entry of a protective order, given the highly confidential information the deposition notice seeks. In addition to such general objections, Yelp responded with particularized objections to each of the fifteen deposition topics, many of which are broadly worded and ambiguous, and invited Plaintiffs to meet and confer to clarify such topics. (*Id*.)

On June 16 at 1:19 a.m. PST, Plaintiffs' counsel emailed Yelp and threatened sanctions if Yelp did not agree to the June 21 deposition date. (*Id*. Ex. F.) Without waiting for a response, Plaintiffs' counsel emailed Yelp at 4:25 p.m. PST that same day, stating Plaintiffs' intent to file a motion to compel, and giving Yelp two hours in which to stipulate to a shortened time for briefing and hearing. (Declaration of Matthew D. Brown ("Brown Decl.") ¶ 2, Ex. A.) Despite the declaration of Plaintiffs' counsel that Yelp did not reply until "well after the end of the business day," Yelp, in fact, replied to Plaintiffs' first email at 4:27 p.m. PST—well within standard business hours in California, where Yelp's counsel and this action are located. (*See* Beck Decl. ¶8.) Yelp reiterated its concerns with holding the deposition prior to the hearing on consolidation, and, again, offered to meet and confer. (*Id*. Ex. G.) To date, Plaintiffs' counsel has not responded to this email. (Brown Decl. ¶ 3.)

## II.  ARGUMENT

### A.  Yelp's Objections to the Timing of the Deposition Are Reasonable.

Yelp has not, as portrayed, "cancel[ed]" the noticed deposition. (*See* Motion 2:11.) Yelp has merely objected to the timing of the deposition. Yelp never agreed to the June 21 date, which was unilaterally set by Plaintiffs without the prior meet and confer that is required by Local Rule 30-1.[1] (Brown Decl. ¶ 4.) *See* L.R. 30-1 ("before noticing a deposition of a party . . . the noticing party must confer about the scheduling of the deposition with opposing counsel").

---

[1] The deposition notice was signed and served two days after the case was ordered transferred.

Yelp intends to fully participate in 30(b)(6) depositions but disagrees with Plaintiffs' proposed timing on reasonable grounds. *First*, Yelp moved to consolidate this case with *Levitt* to streamline the proceedings and to avoid dual, repetitive discovery. Yelp should not be subjected to deposition on the noticed topics in this action only to be re-deposed on the same subjects by plaintiff in *Levitt*.[2] Furthermore, even if the cases are not *consolidated* for all purposes, the Court may still decide to *coordinate* discovery. *Second*, no CMC has been held, nor has a Scheduling Order been entered in either action, and this Court's Standing Order prohibits filing of a motion to dismiss prior to a CMC. Thus, compelling a deposition of Yelp in the coming days would be unwarranted. *Third*, no protective order has been entered (as the case was only recently transferred to the Northern District, the parties have yet to discuss whether the Court's standard form will suffice), but Plaintiffs seek discovery of confidential information, including trade secrets, critical to Yelp's continued operation. Yelp cannot have its corporate representatives deposed on such matters until a protective order is in place.

Plaintiffs' argument that Yelp's objections came at the "11th hour" is disingenuous given that in the parties' numerous calls and correspondence over the last month, Plaintiffs themselves never once raised the issue of the deposition, the topics to be covered, the number of witnesses to be deposed, how many days of depositions would be required, or the date or dates on which they might proceed. (Brown Decl. ¶ 5; *cf.* Beck Decl. Ex. A at 2:9-11 (noticing deposition as "continuing from day to day as necessary").) In short, Plaintiffs never sought to confirm the deposition. Plaintiffs' failure to raise the issue is notable given that they have long known Yelp's position that discovery should be consolidated with the *Levitt* action and that a protective order is needed prior to proceeding with discovery regarding confidential business matters.

---

[2] Plaintiffs claim that, given Yelp's desire for coordinated discovery, they would have agreed to Levitt's counsel's presence at the deposition. (Motion 3:15-19.) But this statement is directly contradicted by the supporting declaration of Plaintiffs' counsel, Jack Fitzgerald, which states that having Levitt involved in discovery meet and confer is "improper," that "meet and confer should take place between Yelp and the Cats and Dogs Plaintiffs," and that the "dispute" between Cats and Dogs and Levitt as to whether Levitt should stay or dismiss his case or agree to designate Cats and Dogs as lead counsel "was not resolved and remains intact." (Declaration of Jack Fitzgerald ¶ 3.) Further, the presence of Levitt's counsel at a deposition would be meaningless unless a prior agreement or order to coordinate or consolidate has been made so that Yelp employees are not subjected to duplicative questioning at multiple depositions.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3.

DEFENDANT YELP'S OPPOSITION TO
PLAINTIFFS' MOTION TO SHORTEN TIME
CASE NO. CV 10-02351 MHP

In filing this motion, Plaintiffs have ignored Local Rule 37-1(a), which requires the parties to meet and confer about all disputed issues prior to filing a motion to compel. *See* L.R. 37-1(a) (The Court "will not entertain" a motion to compel unless "counsel have previously conferred for the purpose of attempting to resolve all disputed issues."). After deciding to file their motion to compel, Plaintiffs merely emailed Yelp, telling Yelp that they intended to file such a motion, and giving Yelp two hours in which to stipulate to a shortening of time for the hearing. (Brown Decl. ¶ 2, Ex. A.) They did not offer any response to Yelp's grounds for why the deposition is premature, nor did they offer to discuss any of the underlying objections on the individual topics.[3] (*Id.*; Beck Decl. Ex. F.) Plaintiffs have also failed to substantively respond to Yelp's June 16 email re-explaining Yelp's objections to holding the deposition at this time. (Brown Decl. ¶ 3.)[4]

### B. Plaintiffs Have Shown No Prejudice.

Plaintiffs are in no way prejudiced by briefing their motion to compel on the standard briefing schedule. No motion to dismiss has been heard, and no documents have yet been produced by either side. (Brown Decl. ¶ 6.) As such, Plaintiffs have failed to meet their burden for shortening of time. *See* L.R. 6-3(a)(3) (requiring identification of the "substantial harm or prejudice that would occur if the Court did not change the time").

The only purported prejudice Plaintiffs' counsel have argued is the cost incurred by Plaintiffs' counsel, Jared Beck and Elizabeth Lee Beck, in purchasing "non-refundable airfare to San Francisco in order to attend the deposition as scheduled." (Beck Decl. ¶ 3.) Specifically, Plaintiffs' counsel seeks recovery of "their non-refundable costs, i.e., $954.80" in airfare.

---

[3] Thus, even if the court were to grant Plaintiffs' motion to compel the timing of the deposition, Plaintiffs have failed to address Yelp's objections to their fifteen, incredibly broad deposition topics, which cover virtually every aspect of Yelp's business and far exceed issues pertinent to class certification. A deposition, and certainly a motion to compel deposition testimony, cannot go forward until the parties at least attempt to come to an agreement on the scope of the topics. *See* L.R. 37-1(a).

[4] By filing their motion to shorten time, asking for the briefing on the motion to compel to close on June 17 (one day after the motion was filed), Plaintiffs also ignore Local Rule 6-3, which provides the opposing party four days in which to file an opposition to a motion to shorten time. *See* L.R. 6-3.

Furthermore, by filing their motion for sanctions as a combined motion, with no noticed hearing date, Plaintiffs have disregarded L.R. 7-8 and L.R. 37-4, which require motions for sanctions to be filed separately and with hearing dates scheduled in accordance with L.R. 7-2.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4.

DEFENDANT YELP'S OPPOSITION TO
PLAINTIFFS' MOTION TO SHORTEN TIME
CASE NO. CV 10-02351 MHP

(Motion 4:7-8.) But even "non-refundable" tickets are exchangeable for a "cancellation" or "change" fee. According to JetBlue's website, Plaintiffs could have cancelled their tickets and taken a credit to their account for a fee of $100. (Brown Decl. ¶ 7, Ex. B.) At most, Plaintiffs' counsel is out of pocket $200, not $954.80.[5]

### III. CONCLUSION

For the foregoing reasons, Yelp respectfully requests that the Court deny Plaintiffs' motion to shorten time in its entirety. Plaintiffs should be required to re-notice their motion to compel according to the 35-day briefing schedule followed by the Northern District.

Dated: June 21, 2010                    COOLEY LLP

/s/ Matthew D. Brown
Matthew D. Brown (196972)

Attorneys for Defendant Yelp! Inc.

---

[5] The Becks' "non-refundable" plane tickets state that they are scheduled to return to Florida on June 21 at 9:55 p.m. (Beck Decl. Exs. B and C), which is odd given that the deposition notice, on 15 broad topics, purports to be for June 21 "and continuing from day to day as necessary." (*Id*. Ex. A at 2:9-11.).

The circumstances surrounding the June 21st deposition date reveal that Plaintiffs' failure to meet and confer may have been tactical. On May 3, this case was ordered transferred from the Central District. Of course, such transfer necessarily resulted in a brief hiatus in the case until the Northern District docketed the case (which occurred on May 28). On May 5, as the case was en route, Plaintiffs unilaterally noticed Yelp's 30(b)(6) deposition without meeting and conferring as required by Local Rule 30-1. Five weeks later, Plaintiffs bought airfare to the Bay Area allegedly for the deposition. (Beck Decl. ¶ 3.) But Plaintiffs' counsel actually had a hearing on the same date—Monday, June 21, 2010, at 9:00 a.m. in San Jose, California before Judge Ware in a case entitled *Red v. Unilever United States, Inc*., Case No. 10 CV 00387 JW. (*See* Brown Decl. Ex. C (docket printout for *Red v. Unilever*).) That hearing was set in late May. (*Id*.) Furthermore, the minute entry for the hearing—posted by the Court today (*see* Brown Decl. Ex. D)—shows that Elizabeth Lee Beck attended the hearing on behalf of plaintiff in *Red*. Nowhere in this timeline did Plaintiffs' counsel seek to confirm with Yelp's counsel that the deposition was going forward, despite knowing that Yelp's position was that such discovery should await the Court's rulings on the issue of consolidation.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5.

DEFENDANT YELP'S OPPOSITION TO
PLAINTIFFS' MOTION TO SHORTEN TIME
CASE NO. CV 10-02351 MHP